IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTEN DIVISION

| | |
|---|---|
| SHENZHEN MUZHIYUAN TRADING CO., LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 24-cv-12032<br><br>**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**<br><br>**COMPLAINT**<br><br>Complaint Filed: 11/21/2024 |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2**

Plaintiff Shenzhen Muzhiyuan Trading Co. Ltd ("Plaintiff") hereby brings the present action against the Corporations, Partnerships and Unincorporated Associations identified on **Schedule A** attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. §106, *et seq*, 28 U.S.C. §§1331 and 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this copyright action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendants are not

residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores[1] operating listed on e-commerce platforms, namely Amazon, under the seller aliases identified in Schedule A attached hereto (the "Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores on e-commerce platforms, such as Amazon. Defendants target the said consumers using one or more Seller Aliases, offer shipping to the said consumers located in the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's copyrighted design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

4. Plaintiff files this action against the Defendants listed in Schedule A for the alleged infringement upon Plaintiff's registered copyrights (hereinafter, "Copyrights"). Defendants in this action set up e-commerce stores on e-commerce platforms, such as Amazon.com and operate such stores using one or more of their Aliases. Defendants are engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement upon Plaintiff's Copyrights, and negatively impact Plaintiff's goodwill and business reputation.

### III. THE PARTIES

5. Plaintiff is a limited liability company registered under the laws of People's Republic of China to conduct business in e-commerce industries.

6. Defendants are individuals and business entities that own and operate one or more of the e-commerce stores with or under the Aliases identified on **Schedule A**.

7. On information and belief, Defendants reside and/or operate in the People's Republic of China. Although Defendants operate under Aliases, such Aliases are linked or associated, through certain unique identifiers, to the Defendants, their true names and locations, and suggest that Defendants operate arising out of the same transaction, occurrence, or series of transactions or occurrences. It is further believed that Defendants may source their goods from the same manufacturer and potentially under the control of the same entity or entities. Even if Defendants are controlled by separate individuals, their strikingly similar business operations and methods suggest that their infringement actions are interconnected and should be considered as arising out of the same transaction, occurrence, or series of transactions or occurrences. Any question of law or fact is common to all Defendants, which aligns with the requirements for permissive joinder under Federal Rules of Civil Procedure Rule 20. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b).

8. Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to

conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## IV. GENERAL FACTS

9. Plaintiff [REDACTED]. Over time, the plaintiff has become a well-known vendor for these specific products on various e-commerce platforms.

10. In [REDACTED], Plaintiff filed applications for copyright protection in the U.S. for its Products. Plaintiff's applications were granted. Attached to this Complaint as **Exhibit 1** are true and correct copies of the Certificate of Registration. Under the Certificate of Registration, [REDACTED] are under copyright protection. [REDACTED]

[REDACTED] As reflected by **Exhibit 1**, Plaintiff is the copyright owners, and its copyrights are valid and enforceable.

11. Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores that have been engaged in the making, marketing, shipping, using, offering for sale, selling, and/or import to the United States (including Illinois) for subsequent sale or use of [REDACTED] very similar or identical to Plaintiff's Products (hereinafter, the products manufactured, marketed, shipped, used, offered for sale, imported by Defendants that are at issue of this Complaint are referred to as "Infringing Products"). These stores also have deliberately and/or unlawfully copied, displayed, and sold various Infringing Products bearing images virtually identical to Plaintiff's copyrighted designs.

12. Plaintiff has compiled the **Schedule A** to include all the e-commerce stores that have been selling Infringing Products as the intended Defendants.

13. Defendants, using one or more Aliases, have targeted sales to Illinois residents by opening and operating ecommerce stores that target United States consumers. Defendants also offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to the residents of Illinois.

14. Defendants operating under the Aliases are sophisticated sellers. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars via credit cards, Alipay, Amazon Pay, Zelle, Venmo, and/or PayPal. Defendants' stores look like Plaintiff's store. Defendants' e-commerce websites include similar elements and keywords like Plaintiff's store. Defendants sell Infringing Products that have similar designs to Plaintiff's copyrighted designs. To the consumers at large, it would be impossible to differentiate the said Infringing Products from Plaintiff's products from the copyrighted designs. It would also be impossible for the consumers to realize that the Defendants did not have the authorization to market, offer to sell, or sell the products with the copyrighted designs.

15. Third-party platforms like Amazon.com do not require the sellers to verify their identities beyond their provision of the Aliases. This lack of requirement for identity verification creates loopholes for Defendants to utilize. On information and belief, many of the Defendants would register multiple Aliases through the platforms and market and sell products via the multiple accounts registered with the Aliases. This tactic allows Defendant to hide their true identities and scope of their business. In addition, this tactic allows Defendants to avoid lawsuits and legal liabilities. For example, when a claimant (similar to the Plaintiff here) discovered a tort or infringement committed by a particular Aliases, the claimant may try to allege the claims against

the individual/entities behind the Aliases. Then, the individual/entity may well close the Alias, and quickly moves to the next Alias and account, and avoid the liabilities associated with the previous Alias. **For the claimant (and the true holders of the rights), it will be a forever-lasting "Wack-A-Mole" game.**

16. Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them. These identifiers include the use of similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and comparable product descriptions, prices, and images. Additionally, reviews left by customers on these e-commerce platforms sometimes indicate that certain stores are operated by the same individuals or entities, as evidenced by the similarity in the quality of products and customer service.

17. Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Copyrights. Each e-commerce store operating under the Alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

18. Defendants' infringement of the Plaintiff's Designs in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing

into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES COPYRIGHT
### (17 U.S.C §§106 and 501)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Plaintiff is the owner and exclusive licensee of the Copyrights. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce work, to distribute copies of the copyrighted works, to display works, and to authorize the creation of derivative works, which also includes using the copyrighted design on other commercial products.

21. Defendants have infringed Plaintiff's Copyrights by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that uses Plaintiff's copyrighted designs protected by Copyrights.

22. In other words, Defendants have infringed upon Plaintiff's Copyrights by reproducing and using Plaintiff's copyrighted designs on their Infringing Products for sale and profits.

23. Under Section 106 of Copyright Act, 17 U.S.C. §106, Plaintiff has the exclusive rights, among others, to reproduce and distribute the copyrighted design, including using the designs on its Products, and to permit the creation of derivative works incorporating the designs, as well as the right to authorize others to exercise any of the rights.

24. Defendants have infringed many of the exclusive rights set forth in 17 U.S.C. §106. Among other things, Plaintiff has made unauthorized reproductions, including using and reproducing the copyrighted designs on their Infringing Products for sale and profits, as well as

the subsequent making, selling, offer to sell, shipping, and importing to the United States of the Infringing Products. Such conduct constitutes copyright infringement pursuant to 17 U.S.C §§ 106 *et seq*.

25. Defendants have infringed Plaintiff's Copyrights and will continue to infringe the said Copyrights unless enjoyed by the Court.

26. Plaintiff's Products are the original work fixed in a tangible medium of expression and is a copyrightable subject matter within the meaning of Section 102 of the Copyright Act.

27. Defendants' conduct constitutes a separate and distinct act of infringement.

28. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

29. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 17 U.S.C. §106 *et seq*. Plaintiff is entitled to recover other damages, including attorney's fees, and punitive damages pursuant to 17 U.S.C. §106.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Copyrights;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyrights; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the Copyrights;

3) That Plaintiff be awarded such damages proven at trial against Defendants.

Dated this 21st day of November, 2024.

Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*