**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN MUZHIYUAN TRADING CO., LTD. AND MUZHIRAN TRADING (DONGGUAN) CO., LTD., | Case No. 24-cv-12032 |
| Plaintiffs, | **Judge: Sara L. Ellis** |
| v. | Complaint Filed: 11/21/2024 |
| THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**PLAINTIFFS' MOTION TO STRIKE ANSWERS AND AFFIRMATIVE**

**DEFENSES FILED BY DEFENDANTS JIJACRAFT US AND YOUSMEDIA**

Plaintiffs Shenzhen Muzhiyuan Trading Co. Ltd and Muzhiran Trading (Dongguan) Co., Ltd ("Plaintiffs") hereby respectfully moves this Court to strike JIJACRAFT US and YOUSMEDIA's ("Defendants") Answer [38], and dismiss the second, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and reservation of affirmative defenses [38] as discussed below.

**I. Defendants' answers should be stricken under LR 10.1**

This District has required responding parties to identify the allegations against them in a responsive pleading. The current version of the Rule (LR 10.1) states: "Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed."

For convenience, the requirement of LR 10.1 is "often complied with by a defendant's verbatim copying of the complaint's allegations in each paragraph, followed immediately by defendant's response to that paragraph." *State Farm Mut. Auto Ins. Co. v. Riley*, 199 F.R.D.

1

276, 279 (N.D. Ill. 2001). "Its purpose is obvious: to provide a self-contained pleading, so that the judicial or adversary reader can avoid the inconvenience of having to flip back and forth between two pleadings to see just what is or is not being placed at issue. But even apart from that fostering of convenience, there is no justification for any lawyer's noncompliance with such a plain directive of long standing – something that should be known by everyone practicing in this district." *Id.*

Here, Defendant makes no attempt to comply with LR 10.1 in its Answer and Counterclaims [38]. The proper remedy for failing to comply with LR 10.1 is to strike the pleading. *See Sharifi v. Stellar Recovery, Inc*., 2016 U.S. Dist. LEXIS 6804, at *1-2 (N.D. Ill. Jan. 20, 2016) (striking answer); *see also Montes v. Pastirik*, 2013 U.S. Dist. LEXIS 122768, at *1-2 (N.D. Ill. Aug. 28, 2013) (same remedy); *Edwards v. Raymond*, 2013 U.S. Dist. LEXIS 79143, at *1-2 (N.D. Ill. Jun 5, 2013) (same remedy); *Deutsche Bank Nat'l Trust Co. v. Dionicio*, 2013 U.S. Dist. LEXIS 44061, at *1-2 (N.D. Ill. Mar. 27, 2013) (same remedy).

## II. The second, eleventh, and reservation of affirmative defenses should be stricken

Defendants' second affirmative defense is "The Amended Complaint Fails to to State a Claim against JiJaCraft US and YousMedia." *See* [38] at p.13. However, failure to state a claim is "not technically an affirmative defense, and the proper vehicle to establish a failure to state a claim defense is to raise a Rule 12(b)(6) motion." *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 786 (N.D. Ill. 2018). Thus, Defendant's second affirmative defense is not a real affirmative defense and should be stricken. *See id.*

Defendants' eleventh affirmative defense states that "The Plaintiff's action is barred, in whole or in part, under the doctrines of waiver, estoppel, laches, ratification, unclean hands, and/or acquiescence." *See* [38] at p.20. First of all, laches cannot override the explicit statute of limitation established by Congress in the Copyright Act and generally does not apply to

copyright infringement cases. *See Petrella v. MGM*, 572 U.S. 663, (2014). Accordingly, any reference to laches are not affirmative defenses and should be stricken with prejudice. Meanwhile, Defendants' reference to equitable defenses are inadequately pled. Equitable defenses must be pled with the specific elements required to establish the defense. *See Reis Robotics USA, Inc. v. Concept Industries, Inc*., 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). Defendants' pleading must segregate which facts support each of those defenses, which it failed and hence should be stricken.

Finally, Defendants state that "Defendants expressly reserve the right to assert any other legal or equitable defenses" that may be available in the future. *See* [38] at p. 21. Similar language has been stricken with prejudice by courts in this district. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. A plaintiff "cannot simply abrogate the Rules of Federal Procedure and hold the Court hostage to [its] inclination to later amend" its pleading, and the proper way to amend the pleadings in the future is to seek leave of court to do so pursuant to Rule 15. *See Hayes v. Agilysys, Inc.,* No. 09 C 727, 2009 U.S. Dist. LEXIS 26762, 2009 WL 891832, at *2 (N.D. Ill. Mar. 30, 2009). Similarly, this language should be stricken in this case.

## III. The seventh, eighth, ninth, tenth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses should be stricken for lack of facts in support

Similar to the flawed eleventh affirmative defense, Defendants have raised many affirmative defenses without specific facts in support of them. Illinois is a fact pleading jurisdiction. *Knox College v. Celotex Corp*., 88 Ill. 2d 407, 426-27, 430 N.E.2d 976, 58 Ill. Dec. 725 (1981). As to the pleading of affirmative defenses, section 2-613(d) of the Illinois Code of Civil Procedure specifically provides that "the facts constituting any affirmative defense must be plainly set forth in the [defendant's] answer." 735 ILCS 5/2-613(d). In order to set forth an

affirmative defense, sufficient facts must be alleged to satisfy each element of the affirmative defense. *Richco Plastic Co. v. IMS Co*., 288 Ill. App. 3d 782, 784, 681 N.E.2d 56, 224 Ill. Dec. 74 (1997). When determining the sufficiency of any claim or defense, the court will disregard any conclusions of fact or law that are not supported by allegations of specific fact. *Id.* at 784-85. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20, 382 Ill. Dec. 937, 945, 13 N.E.3d 350, 358.

Defendants' seventh, eighth, ninth, tenth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses are all comprised by a single and short conclusory statement that are not supported by allegations of specific facts. The general allegations stated in the document are not properly linked to the affirmative defenses, and these affirmative defenses shall then be stricken.

## IV. The requests for attorney's fees should be stricken

Defendant stated in first and second counterclaims that "This is an exceptional case entitling Counterclaim-Plaintiffs to an award of their attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285 and other appropriate provisions of the Federal Rules, law and practice." *See* [38], at 29-30.

35 U.S.C. § 285 is about patent infringement, which is totally irrelevant in the present copyright infringement case. The request is thus totally unfounded and shall be stricken.

## <u>CONCLUSION</u>

As such, Plaintiffs hereby respectfully ask the Court to grant this motion in its entirety and strike the relevant parts in Defendants' Answer and Counterclaims [38].

Dated March 27, 2025.

4

Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

Dated March 27, 2025.

Respectfully submitted
By: /s/ Huicheng Zhou
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
Telephone: (949) 342-8013
*Attorney for plaintiff*